**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| David Gordon Oppenheimer,<br><br>Plaintiff,<br><br>v.<br><br>Vader National Electric LLC and Timothy Ingolia,<br><br>Defendants. | Case No. 1:26-cv-12101 |

**<u>COMPLAINT AND JURY DEMAND</u>**

Plaintiff, DAVID GORDON OPPENHEIMER ("Oppenheimer" or "Plaintiff"), by and through his attorneys, ZLATKIN CANN ENTERTAINMENT, for his complaint ("Complaint") against Defendants VADER NATIONAL ELECTRIC LLC ("VNE") and TIMOTHY INGOLIA ("Ingolia" and, together with VNE, "Defendants"), alleges:

**<u>NATURE OF THE ACTION</u>**

1. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and 17 U.S.C. §§ 501 *et seq.*, for copyright infringement of a work registered with the United States Copyright Office.

**<u>THE PARTIES</u>**

2. Oppenheimer is an individual who is actively engaged in the business of creating and licensing photography and who resides in Asheville, North Carolina.

3. Defendant VNE is a Delaware limited liability company, organized on or about April 28, 2017, and subsequently qualified to conduct business in Illinois, and has principal offices located in Cook County, Illinois. Upon information and belief, VNE provides construction, pre-

construction, design, technology and other related services across multiple markets in the United States.

4. Upon information and belief, Defendant TIMOTHY INGOLIA is an individual residing in this District who founded VNE, and at all relevant times held an ownership interest in VNE, acted as VNE's manager, and was publicized (and continues to be publicized) as VNE's principal.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Plaintiff is informed, believes, and thereon alleges that Defendants have sufficient contacts with this District generally and, in particular, with the events alleged herein, that Defendants are subject to the exercise of jurisdiction of this Court. Specifically, and upon information and belief, VNE is registered and qualified to conduct business in Illinois and maintains its principal place of business in this District, Ingolia is an individual residing in this District, and a substantial part of the conduct giving rise to Plaintiff's claims occurred within this District.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## FACTUAL ALLEGATIONS

8. Oppenheimer is a noted and respected professional photographer with many years of experience and considerable reputation.

9. Oppenheimer's photographs have appeared in publications including Rolling Stone, MSNBC, MTV, AOL, National Geographic, Fuse TV, and have been displayed at the Museum of the City of New York. The subjects of Plaintiff's photography include Bob Dylan,

Bruce Springsteen, Carlos Santana, and Paul McCartney, among countless other instantly recognizable persons and places, including Chicago, Illinois.

10. Oppenheimer has, over the years, performed photography services through his own name as well as under the trade name "Performance Impressions." Performance Impressions LLC, which is owned and operated exclusively by Oppenheimer, is a North Carolina limited liability company in good standing.

11. Oppenheimer earns his livelihood from the creation and licensing of his photographs as well as from selling prints of his photographs.

**Oppenheimer Creates, Registers, and Publishes the Photograph**

12. In early July 2015, Oppenheimer traveled to Chicago. During this visit, Oppenheimer created an aerial photograph of Soldier Field and the skyline of the City of Chicago ("Photograph") through significant skill and personal expense. Specifically, Oppenheimer chartered a helicopter with its rear doors removed, and then captured the Photograph by physically operating professional camera equipment while leaning out of the helicopter. This required skill and experience to best capture the aerial perspective.

13. The Photograph is an original work that Oppenheimer registered with the United States Copyright Office as part of a collection of photographs. The Photograph – referenced by its contents title, *Soldier_Field_Chicago_aerialdsc_0674.jpg* – has its copyright registered with the United States Copyright Office as part of the collection entitled *Chicago Travel and Aerial Photographs Including The Grateful Dead at Soldier Field* under copyright registration number VAu 1-229-868, with an effective date of registration of July 26, 2015. A copy of the copyright registration certificate for the Photograph is attached hereto as Exhibit 1. The Photograph is

identified by its contents title on page 1 of the certificate. The deposit copy of the Photograph on deposit with the copyright registration is attached hereto as Exhibit 2.

14. After submitting the Photograph for registration, Plaintiff published the Photograph through the Performance Impressions website, where Oppenheimer makes his works available for print sales and licensing, and through the website Flickr.com. As is his pattern and practice, the published version of the Photograph contained copyright management information as defined under 17 U.S.C. § 1202(c) ("CMI"), including in a visible watermark on the face of the Photograph, in accompanying captions, and/or embedded in its metadata. CMI in the metadata of the Photograph included multiple notices of copyright, a notice declaring "All Rights Reserved", instructions for licensing, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. On Oppenheimer's Flickr account, the Photograph was published with CMI including a watermark, in an accompanying caption, and embedded in its metadata which can be read by expanding the "Show EXIF" button, in addition to a Flickr license setting of "Copyrighted" – "All Rights Reserved." On the Performance Impressions website, there are additional notices of copyright including pop-up notices. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view the Photograph appreciate that Oppenheimer owns all rights and title to the Photograph and follow proper protocols in licensing the Photograph. Plaintiff's published versions of the Photograph with their accompanying captions (as published on the Performance Impressions website and on Flickr) bearing this subsequently added CMI on the face of the Photograph are attached as Exhibit 3 hereto.

15. Plaintiff has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyright of the Photograph.

16. Since the date of creation, Plaintiff has held all the exclusive rights to the Photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to publicly display pursuant to 17 U.S.C. § 106.

17. Plaintiff's copyright in the Photograph is presently valid and subsisting and has been valid and subsisting since the moment of creation and all conditions precedent to the filing of this suit have been satisfied including registration under 17 U.S.C. § 411(a).

**Defendants Use the Photograph Without Authorization**

18. Upon information and belief, on or before December 18, 2023 one or more Defendants (or such Defendants' authorized representatives) obtained the published version of the Photograph, reproduced, distributed, and/or displayed a copy of the Photograph through at least one of the following URLs (collectively, "Infringing URLs"):

- https://www.vadernational.com/entertainment-hospitality ("E&H URL")
- https://images.squarespace-cdn.com/content/v1/58de3355d1758e1908ebd000/1490974796915-OBDZVN20D7653662OA1F/HOS+1.jpg ("Image URL")

19. Upon information and belief, one or more of the Defendants (or a third party at the direction of one or more of the Defendants) proceeded to reproduce, distribute, and/or display the Photograph at the Infringing URLs to advertise and market their services in the Entertainment & Hospitality market through VNE's website. More specifically, the Photograph was featured prominently on VNE's website at the E&H URL, where it was used to promote VNE's services in the Entertainment & Hospitality market. The Photograph was also reproduced, distributed, and/or displayed at the Image URL. As of the date of this Complaint, the Photograph remains publicly displayed at the Image URL, and that unauthorized public display continues. The version of the Photograph reproduced and displayed by Defendants at the Infringing URLs bore Oppenheimer's

visible watermark and copyright notice, "© 2015 David Oppenheimer," identifying Oppenheimer as the author and copyright owner of the Photograph. True and correct copies of the screenshots at the Infringing URLs are attached hereto as Exhibit 4.

**Oppenheimer Provides Notice of Copyright Infringement to Defendants**

20. On June 3, 2025, Oppenheimer's counsel sent to VNE and Ingolia a comprehensive demand letter with the foregoing details of the infringement. Such correspondence was sent by email to Ingolia and VNE directly, with additional copies being delivered to the address indicated in the records of the Illinois Secretary of State as being the registered address of VNE. Such infringement notice was sent to Ingolia's attention in his capacity as the principal officer of VNE.

21. Oppenheimer's counsel sent follow-up email correspondence to VNE and Ingolia on December 12, 2025, on February 11, 2026, and again on March 12, 2026, requesting acknowledgement of the infringement notice and that Defendants take the actions requested therein, including a demand to cease and desist from the continued display of the Photograph at the Image URL. As of the date of the filing of this Complaint, to the knowledge of Oppenheimer and Oppenheimer's counsel, no one acting on behalf of VNE or Ingolia has responded to Oppenheimer or Oppenheimer's counsel.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement Under 17 U.S.C. § 501**
**(Against All Defendants)**

22. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–21 of this Complaint.

23. Plaintiff owns the exclusive rights to the copyright-protected Photograph.

24. Upon information and belief, one or more of the Defendants caused the copying, distribution, and/or display of the Photograph at each of the Infringing URLs.

25. Defendants' acts are and were performed without the permission, license, or consent of Plaintiff.

26. Defendants acted with willful disregard of the laws protecting Plaintiff's copyright.

27. Defendants infringed Plaintiff's copyright in the Photograph in violation of 17 U.S.C. § 501.

28. Oppenheimer has been harmed by the infringement in multiple ways. Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable. Defendants have benefited from their infringement of the Photograph. Defendants' unauthorized use undermined the Photograph's exclusivity, diminished the Photograph's licensing value, and caused ongoing injury to Oppenheimer's business reputation and professional goodwill, thereby impairing Plaintiff's control over the manner and context in which his work is presented to the marketplace. Such loss of control and reputational harm is continuing in nature and not fully compensable through monetary damages alone. Accordingly, Oppenheimer is entitled to injunctive relief, damages, and other relief authorized under the Copyright Act.

29. Upon information and belief, Defendants have obtained profits attributable to the infringement and recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting sufficient to determine all damages and profits recoverable under 17 U.S.C. § 504.

30. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for willful infringement by Defendants of Plaintiff's rights in the Photograph in an amount of $150,000 under 17 U.S.C. § 504(c)(2). In the event that the trier of fact does not find that Defendants willfully infringed Plaintiff's copyright in the Photograph, Plaintiff is entitled to seek maximum statutory damages in an amount of $30,000 under 17 U.S.C. § 504(c)(1).

31. Plaintiff is entitled to seek recovery of Plaintiff's attorneys' fees and costs of suit from the Defendants, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## Vicarious Copyright Infringement
## (In the Alternative Against Ingolia)

32. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–31 of this Complaint.

33. Pleading further but without waiver of the foregoing, at all relevant times, Ingolia was a manager of VNE and is expressly identified as VNE's principal on VNE's website.

34. Upon information and belief, Ingolia personally participated in, approved, authorized, and/or supervised the preparation and publication of the Infringing URLs containing the Photograph. As a manager of VNE and the principal identified on VNE's website, Ingolia had the right and ability to supervise and control the infringing conduct and possessed a direct financial interest in the marketing and sale of VNE's services promoted at VNE's website (as well as a direct financial interest in the overall financial performance of VNE). Accordingly, Ingolia is personally liable as a joint infringer and/or vicariously liable for the infringing acts of VNE.

## THIRD CLAIM FOR RELIEF
## Contributory Copyright Infringement
## (In the Alternative Against Ingolia)

35. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–34 of this Complaint.

36. Alternatively, Ingolia intentionally induced, encouraged, authorized, and/or materially contributed to the infringements by approving and authorizing the reproduction, distribution, and display of the Photograph at the Infringing URLs on VNE's website.

37. Upon information and belief, as a manager of VNE and the principal identified on VNE's website, Ingolia participated in, approved, and had the authority to direct and control the

conduct and content published at the Infringing URLs on VNE's website. Ingolia therefore had actual knowledge of the infringing activities described herein, or chose to remain willfully blind to them, and had the right and ability to prevent or stop the infringement but failed to do so.

38. Accordingly, Ingolia is personally liable to Oppenheimer as a contributory infringer for the infringing activities of VNE.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants as follows.

a. Pursuant to 17 U.S.C. § 502, that Defendants and Defendants' agents, servants, employees, representatives, successors, and assigns, and all persons, firms, corporations, or other entities in active concert or participation with Defendants, be permanently enjoined from directly or indirectly infringing the Plaintiff's copyright in the Photograph in any manner, including generally, without limitation, reproducing, distributing, displaying, or making derivative works of the Photograph;

b. That Defendants be required to perform a complete and full accounting of all profits generated by Defendants from the Photograph;

c. Pursuant to 17 U.S.C. § 504, that Defendants be required to pay actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement; in the alternative, upon Plaintiff's election, pursuant to 17 U.S.C. § 504, that Defendants be required to pay statutory damages up to $150,000 for each work infringed as a result of Defendants' acts of copyright infringement, and, in the event that the factfinder determines that either of the Defendants' infringements was not willful, that Defendants be required to pay statutory damages up to $30,000 for each work infringed by the Defendants found to be not willful;

d. Pursuant to 17 U.S.C. § 505, Defendants be required to pay Plaintiff prejudgment interest to the extent permitted by law, the costs of this action, and reasonable attorneys' fees; and

e. Such other and further relief as the Court shall find just and proper.

Dated: October 1, 2026

Respectfully submitted,

**ZLATKIN CANN ENTERTAINMENT**

By: /s/ *Ilya G. Zlatkin*
Ilya G. Zlatkin (ARDC No. 6314344)
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
Fax: (312) 809-6918
ilya@zce.law

*Attorney for Plaintiff David Gordon Oppenheimer*